IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
            v.                     )      Criminal No. 26- 90
                                   )
RAYMOND EUGENE CHANDLER III        )

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A federal grand jury returned a five-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 – 5 | Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat | 18 U.S.C. §§ 115(a)(1)(A), 115(a)(1)(B), and 115(b)(4) |
| | On or about April 18, 2025 (Count One)<br>On or about September 18, 2025 (Count Two)<br>On or about January 12, 2026 (Count Three)<br>On or about April 18, 2026 (Count Four)<br>On or about April 28, 2026 (Count Five) | |

## II.  <u>ELEMENTS OF THE OFFENSES</u>

**As to Counts One through Five:**

In order for the crime of Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat, in violation of Title 18, United States Code, Sections 115(a)(1)(A), 115(a)(1)(B), and 115(b)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant communicated a threat to injure the person of another that a reasonable person would view as threatening;

2.    That the defendant acted recklessly; that is; the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another; and

3.    That the defendant threatened to assault or murder a United States official, a member of the immediate family of a United States official, or federal law enforcement officer;

a.    with the intent to impede, intimidate, or interfere with such United States official or agent while engaged in the performance of official duties, or

b.    with intent to retaliate against such United States official or agent on account of the performance of official duties.

18 U.S.C. §§ 115(a)(1)(A) and 115(a)(1)(B).

### III.  PENALTIES

**As to each of Counts One through Five: Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat (18 U.S.C. §§ 115(a)(1)(A), 115(a)(1)(B) and 115(b)(4)):**

1.    Imprisonment for not more than ten (10) years for a threat to murder; imprisonment for not more than six (6) years for a threat to assault.

2.    A fine not to exceed $250,000.

3.    A term of supervised release of not more than three (3) years.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI.  FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315

3