IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. 26-90 |
| | * | |
| RAYMOND CHANDLER III | * | |
| | * | |
| | * | Hon. Christy Criswell Wiegand |
| | * | |

**MOTION FOR REASONABLE NOTICE OF EVIDENCE THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 609**

Raymond Chandler moves the Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rules of Evidence 104, 404(b), and 609, for an order directing the government to provide him with "reasonable" notice—here, at least 30 days before trial—of any evidence of prior crimes, wrongs, or other acts the government plans to offer at trial. More specifically, he seeks a written statement concerning the nature, date, and place of occurrence of any criminal offense or act of misconduct, other than those specified in the indictment, which the government will attempt to prove at trial. He also seeks a description of the purpose for which the government will seek to admit such evidence. Finally, he requests that the Court schedule a pre-trial hearing to determine the admissibility of any evidence noticed by the government. In support, he states:

## INTRODUCTION

"It is fundamental to American jurisprudence that a defendant must be tried for what he did, not for who he is." *United States v. Foskey*, 636 F.2d 517, 523 (D.C. Cir. 1980) (cleaned up). To that end, the Federal Rules of Evidence carefully limit the use of prior wrongs to prove present allegations: Rule 404(b) provides that evidence of past crimes, wrongs, or other acts "is not

admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 609 then places further restrictions on types of prior criminal convictions that can be used to impeach a witness. And even when evidence of prior "bad acts" is offered for a permissible purpose, it may still be subject to exclusion under Rules 403 or 609(b)(1) if the danger of undue prejudice outweighs any probative value.

Recognizing the dangers posed by allowing evidence of "prior bad acts" to be introduced at a criminal trial, Rule 404(b)(3) requires "the prosecutor" in a criminal case to first provide "reasonable notice," in writing, of the government's intention to present such evidence. That notice must not only identify the specific evidence that the government intends to present, but also articulate both a permissible purpose for introducing the evidence and "the reasoning that supports the purpose." F.R.E. 404(b)(3). Similarly, Rule 609(b)(2) requires a party to provide "reasonable written notice" of its intent to impeach a witness with any conviction older than 10 years, so that the prejudicial impact of that evidence can be assessed in advance of trial.

Consistent with those rules, Mr. Chandler brings this motion to request that the Court direct the government to provide such notice here, leaving enough time for the Court to conduct a pre-trial hearing on the admissibility of any proffered evidence. Mr. Chandler suggests that a deadline 30 days before trial would be appropriate. Doing so will permit the defense to raise any objections to problematic evidence prior to trial, thereby contributing substantially to the fair and expeditious administration of justice. For these reasons, discussed in full below, the Court should grant Mr. Chandler's motion.

## ARGUMENT

### I. The Court should direct the government to provide notice of any prior "bad acts" evidence at least 30 days before trial.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose[.]" Fed. R. Evid. 404(b)(1) & (2). In other words, "in recognition that prior offense evidence is generally more prejudicial than probative, Rule 404(b) directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (emphasis in original).

To safeguard defendants from being ambushed with such evidence at trial, Rule 404(b)(3) obligates "the prosecutor" to provide "reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it[.]" Fed. R. Evid. 404(b)(3)(A). What's more, the government must ordinarily "do so in writing before trial" and "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose[.]" Fed. R. Evid. 404(b)(3)(B) & (C). Similarly, Federal Rule of Evidence 609, which governs the admissibility of prior convictions for impeachment purposes, requires a party to provide "reasonable written notice" of its intent to impeach a witness with any conviction older than 10 years. Fed. R. Evid. 609(b)(2).

The requirement of "[r]easonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) (citation omitted). As such, the government risks exclusion of Rule 404(b) evidence from a trial if

it does not provide timely notice. *Id.* at 1153; *United States v. Blount*, 502 F.3d 674, 677 (7th Cir. 2007) ("Without notice, 404(b) evidence is inadmissible."); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1241 (10th Cir. 1996); *United States v. Gasparik*, 141 F. Supp. 2d. 361, 368 n.4 (S.D.N.Y. 2001) (holding that government's failure to provide timely notice of 404(b) evidence makes such evidence inadmissible as "fundamentally unfair" to defendant).

To prevent the improper introduction of such evidence at his trial, Mr. Chandler hereby requests that the Court direct the government to provide, by a date that will reasonably allow the Court to resolve any admissibility issues in advance of trial, written notice of all potential evidence of prior bad acts (including any prior conviction) that it intends to use in its case-in-chief, on cross-examination, as impeachment evidence, or on rebuttal. Such notice is not only required by Rule 404(b)(3), but necessary to allow Mr. Chandler to effectively prepare for trial and to safeguard his rights under the Fifth and Sixth Amendments—including the right to notice of the nature and cause of the accusation; the right to prepare a defense; the right to confrontation of witnesses; the right to effective assistance of counsel; and the right to trial in accordance with due process of law.

Mr. Chandler proposes that the Court set the deadline for the government to provide notice and produce such evidence no later than 30 days before trial. *See, e.g., United States v. Dawson*, 243 F. Supp. 2d 780, 781 (N.D. Ill. 2003) ("If Mr. Dawson wishes to locate favorable witnesses or otherwise counter the 404(b) evidence, ten days is very little time to do so. ... The government is ordered to produce its 404(b) evidence, if any, **[30] days** before trial."); *United States v. Vilar*, 530 F. Supp. 2d 616, 641 (S.D.N.Y. 2008) (directing government to produce 404(b) notice "not less than **60 days** prior to the commencement of trial," considering "absence of any threat to the safety of prospective witnesses" and "the need to 'promote early resolution' of challenges to the

admissibility of the proffered evidence."); *United States v. Reddy,* 190 F. Supp. 2d 558, 577 (S.D.N.Y. 2002) ("In light of trial schedule in this case, the Court finds that Rule 404(b) disclosure **45 days** prior to trial is appropriate, providing time for the Government to finalize its order of proof, for the parties to present and the Court to resolve in limine issues relating to Rule 404(b), and for Defendants to gather evidence in rebuttal."); *United States v. Nachamie*, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000) ("The Government has offered no good reason why it should not notify defendants well in advance of trial of its intent to offer such evidence. Accordingly, the Government must notify the defendants no later than **one month** prior to trial of any Rule 404(b) evidence it intends to offer.").

## II. The Court should hold a hearing to determine whether any evidence of prior "bad acts" proffered by the government is admissible.

Mr. Chandler also requests that the Court hold a pre-trial hearing on the admissibility of any prior "bad acts" evidence noticed by the government.

Rule 404(b) is "a rule of general exclusion" that "carries with it 'no presumption of admissibility.'" *Caldwell*, 760 F.3d at 276 (citation omitted). Evidence of prior bad acts is "generally more prejudicial than probative," so if the proponent of such evidence "neglects or is unable to articulate [a non-propensity] chain of inferences . . . [the Court's] failure to exclude such evidence constitutes reversible error." *Id.* at 276-77. Indeed, the Third Circuit has "repeatedly emphasized that Rule 404(b) must be applied with careful precision, and that evidence of a defendant's prior bad acts is not to be admitted unless both the proponent and the District Court plainly identify a proper, non-propensity purpose for its admission." *Caldwell*, 760 F.3d at 274; *see also United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017) ("Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility");

*United States v. Hilts*, 632 F. App'x 699, 705-06 (3d Cir. 2015) ("We have written powerfully, and very specifically … as to what we require of the proponent of Rule 404(b) material to show, and how carefully a district court must consider what is presented to it").

Considering the "uniquely prejudicial impact that prior bad act evidence has on a jury" and the attendant need for "care and precision," *Caldwell*, 760 F.3d at 275-77, the determination of whether to admit such potentially troublesome evidence is not well-suited to the sort of "on-the-fly" decision-making inherent in resolving evidentiary issues amid the heat of trial. Instead, "[b]ecause rule 404(b) evidence has the potential to unduly prejudice the defendant's case, the district court should rule on the admissibility of such evidence prior to trial whenever possible." *United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir. 1997); *see also* F.R.E. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

The relief requested by this motion will permit the defense to raise any objections to problematic evidence prior to trial. Pre-trial resolution of these issues is necessary to allow Mr. Chandler to adequately prepare his trial strategy; to permit the Court to make the required findings about the sufficiency of any non-propensity purpose noticed by the government; and to ensure that uniquely prejudicial "bad acts" evidence is not improperly admitted, or otherwise overheard by the jury, during trial.

## CONCLUSION

For all the reasons discussed above, Mr. Chandler respectfully moves the Court for an order compelling the government to provide him with written notice specifically identifying all evidence of prior crimes, wrongs, or other acts that the government may use in its case-in-chief, on

cross-examination, as impeachment evidence, or on rebuttal at least 30 days before trial. As explained above, Mr. Chandler also requests that the Court hold a pre-trial hearing on the admissibility of any such evidence noticed by the government.

Respectfully submitted:

RAYMOND CHANDLER III

By counsel:

/s/ *Jake Morrison*
JAKE MORRISON
Assistant Federal Public Defender