**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. 26-90 |
| | * | |
| RAYMOND CHANDLER III | * | |
| | * | |
| | * | Hon. Christy Criswell Wiegand |
| | * | |

## MOTION TO PRESERVE LAW ENFORCEMENT'S ROUGH NOTES

Raymond Chandler moves this Court, pursuant to the Fifth and Sixth Amendments and *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), to order that all law enforcement officers preserve their rough notes generated during the investigation of this case, Mr. Chandler's arrest, and the documentation of any statements made by him at the time of his arrest. In support, he states as follows:

Rule 16 materials provided by the government in discovery typically do not include all (or any) rough notes, drafts of reports, or contemporaneous notes from witness observations or interviews conducted by police. Notes made by law enforcement officers documenting their investigation of, encounter(s) with, and subsequent arrest(s) of suspects and/or witnesses may contain exculpatory or contradictory statements or other statements helpful to the defense that may not have been included in the charging documents or official reports. Experience teaches that when police officers write their official reports, details which are often important and significant to the defense are sometimes omitted from the report. The actual notes may (and often do) contain material inconsistent with later reports, or additional exculpatory information, which may be used by counsel for the defendant.

Third Circuit precedent requires entry of the preservation order Mr. Chandler seeks upon his request. The Third Circuit has held that rough notes and reports of agents and law enforcement personnel must be preserved and produced to the Court for review and, if found by the Court to contain material that is favorable to the defendant, turned over to the defense. *See United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994); *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983); *United States v. Vella*, 562 F.2d 275 (3d Cir. 1977). Not only may the rough notes and writings of police come within the purview of 18 U.S.C. § 3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure, they also may be discoverable and subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), as exculpatory or impeachment evidence. *See Ammar*, 714 F.2d at 259.

Specifically, in *Ammar*, the Court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *Id.* Mr. Chandler submits this motion in accordance with *Ammar*. That is, he requests that the Court enter an order directing the government to take all reasonable steps necessary to ensure that such notes are preserved for later in camera review by the Court at an appropriate time before trial.

Similarly, in *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975), the Court held that FBI agents' rough, handwritten notes of interviews "fall within the category of potentially discoverable materials required to be preserved and produced." *Id.* at 423. The potential exculpatory value of such notes is readily apparent: "It seems too plain for argument that the rough notes from any witness interview could prove to be *Brady* material." *Id.* at 427.

Thus, preservation of law enforcement officers' notes is essential to maintain the status quo because "[t]he courts, not the investigators nor the prosecutors, make the decision as to whether evidence is discoverable, and that decision cannot be made if the evidence has since been destroyed." *Id.* at 428. Consequently, such notes "should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under *Brady* or the Jencks Act." *Id.* at 433 (internal quotation marks omitted).

Whether these notes are discoverable under Rule 16 is not dispositive, as these rough, handwritten notes, taken during the course of the investigation or while interviewing witnesses, are discoverable material at hearings or trial under the Jencks Act and Rule 26.2, and they are required to be preserved and produced then—even if not discoverable prior to trial. As a practical matter, there is nothing burdensome in an order requiring the prosecution to retain and preserve law enforcement rough notes or documents, and courts in this District, including this Court, have previously granted similar motions. *See, e.g.*, *United States v. Hollaman*, Criminal No. 17-189 (W.D. Pa. 2018) (Bissoon, J.). Moreover, no valid law enforcement interest is impaired by the retention of rough notes.

* * *

For all these reasons, Mr. Chandler respectfully moves the Court for an order requiring all government agents and state and local law enforcement officers who participated in the investigation of this case and/or the arrest and questioning of Mr. Chandler to retain and preserve all rough notes and writings related to this case, so that the Court is able to make a pre-trial determination as to whether such notes are producible to the defense under 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 26.2, or *Brady v. Maryland*, 373 U.S. 83 (1963); or may be used by the defense for impeachment purposes (including materials to assist in cross-

examination pursuant to Federal Rule of Evidence 806), whether or not the contents of the notes or writings are incorporated in official records, reports, and/or memoranda. Mr. Chandler further moves the Court to direct the government to identify any such rough notes and writings that are unable to be found or that were, in fact, destroyed since the inception of the investigation of this case (or any related investigation).

Respectfully submitted:

RAYMOND CHANDLER, III

By counsel:

/s/ *Jake Morrison*

JAKE MORRISON
Assistant Federal Public Defender